UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| **BERTHA SHORTER** | : | |
| 41 Laughton Street | | |
| Upper Marlboro, Maryland  20774 | : | |
| | | |
| v. | ; | Civil Action No.:_____ |
| | | Jury Demanded |
| **THE ARCHITECT OF THE CAPITOL** | : | |
| | | |
| Serve: Office of the General Counsel | : | |
| Ford House Office Building | | |
| Room H2-265A | : | |
| 2nd and D Streets, S.W. | | |
| Washington, D.C.  20515 | : | |
| | | |
| Serve:  JEFFERSON SESSIONS, | : | |
| Attorney General for the United States, | | |
|  c/o Designated Representative | : | |
| United States Department of Justice | | |
| 950 Pennsylvania Avenue, N.W. | : | |
| Washington, DC 20530-0001 | | |
| | : | |
| Serve:  JESSIE K LIU, United States | | |
| Attorney for the District of Columbia, | : | |
|  c/o Designated Representative | | |
| United States Attorney's Office | : | |
| 555 Fourth Street, N.W. | | |
| Washington, DC 20530 | : | |
| | | |
| Defendant. | : | |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

**COMES NOW** Plaintiff, Bertha Shorter, hereinafter ("Plaintiff" or "Ms. Shorter"), by and through her undersigned counsel, and sues the Architect of the Capitol ("AOC" or "Defendant"), and for cause of action states, as follows:

## FACTS

1. This is an action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352), 42 U.S.C. §§ 2000e-5(f) and 42 U.S.C. § 2000e-16 ("Title VII"), as amended, and the Congressional Accountability Act, for the Defendant's unlawful race discrimination against the Plaintiff.

2. Prior to her termination, the Plaintiff in this case, Ms. Shorter, had been a loyal and solid performing employee of Defendant Architect of the Capitol for twenty-eight (28) years and at the time of her termination she held the position as a Custodial Worker, WG-3566-04/03.

3. During her employment with the AOC, Ms. Shorter performed her job duties at a level that met or exceeded her employer's expectations.

4. Ms. Shorter has been subjected to discrimination perpetuated by managerial agents at the AOC.

5. Ms. Shorter had previously been disciplined for stockpiling items in the cleaning supply closets on the Agency's premises.

6. After twice having stockpiles of supplies discovered in the closets on the Agency's premises, Ms. Shorter subsequently began to compulsively stockpile items in her work locker, which was also on the premises of the AOC.

7. On or about July 27, 2017, Plaintiff was stopped and question by UCCP Special Agents J. Soltes and K. Rivera and it is alleged that items were retrieved believed to be the property of the AOC consisting of two rolls of toilet paper and a vacuum cleaner bag.

8. Based on the items retrieved and items located in Plaintiff's locker on the premises of the ACO, Plaintiff was terminated from her position on November 2, 2017.

9. Plaintiff's believes that the AOC's decision to terminate her position was discriminatory since Plaintiff is aware that certain of her Caucasian male co-workers, have been determined to have actually and intentionally removed property from the AOC and the Defendant AOC did not seek to discipline these co-workers and none were proposed for termination or removed for their position.

10. One of Plaintiff Caucasian male co-workers, was determined to have removed wood from one of the shops at the AOC and was using such to make furniture and was selling such for his own profit and benefit. The same decision maker in Plaintiff's case failed to propose the employee for removal, or remove the employee from his position.

11. Another of Plaintiff's Caucasian co-workers was found to have removed shrubs from the AOC and secreted them in an area outside of the AOC building to retrieve later and the same decision maker in Plaintiff's case failed to propose the employee for removal, or remove the employee from his position.

12. Another of Plaintiff's male co-workers was found to have removed boxes from the AOC without obtaining property authority/permission. The same decision maker in this case failed to propose the employee for removal or remove the employee form his position.

13. Plaintiff believes that there are other events where Caucasian and male co-workers were treated more favorably then she despite benign accused and similarly situated with Plaintiff.

14. This pattern of disproportionate discipline against Ms. Shorter culminated on or about November 2, 2017, when Ms. Shorter was unfairly issued a Final Decision terminating her form her position.

15. Ms. Shorter now timely files this case after receiving her End of Mediation Notice.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over this Complaint pursuant to 29 U.S.C. Section 791, Section 201 of the Congressional Accountability Act and pursuant to Section 2000 *et. seq.*, Title VII of the Civil Rights Act of 1964, *as amended*, and 28 U.S.C. Sections 1331, 1337 and 1343. Venue is appropriate and based on the fact that a substantial part of the actions complained herein are the result of actions and employment practices of Defendant, a federal government Agency that operates within the District of Columbia.

17. Venue is proper in the District of Columbia under 42 U.S.C. § 2000e-5(f) (3), incorporated in 42 U.S.C. § 2000e-16(d), because the events giving rise to the claims occurred in the District of Columbia, and because the relevant employment records are in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. On or about June 18, 2018 the AOC issued Plaintiff her End of Mediation Notice.

19. Ms. Shorter has exhausted all of her administrative remedies.

20. Plaintiff Shorter timely filed this civil action on September 12, 2018, within ninety days (90) of the end of mediation, which ended on June 14, 2018.

## PARTIES

21. Plaintiff, Shorter, is a Hispanic female and she was an employee of the Architect of the Capitol for twenty-eight (28) years.

22. Plaintiff is a resident of the State of Maryland.

23. Plaintiff is currently domiciled at 41 Langston Street, Upper Marlboro, Md.

24. The Defendant, AOC is a revenue-generating subordinate agency of the United States Government, and is headquartered at the Dirksen Senate Office Building, Washington, D.C.

25. On JUNE 18, 2018, the AOC Office of Compliance issued MS. Shorter an End of Mediation Notice, which gave her the right to file a complaint in federal court.

26. Plaintiff now timely filed her civil action within ninety (90) days after receipt of the end of mediation in accordance with section 408 of the Congressional Accountability Act (CAA).

**Injury to Plaintiff**

27. As a result of Defendant's conduct, Ms. Shorter has suffered, and will continue to suffer, irreparable loss and injury, including but not limited to, pain and suffering, physical injury and sickness, economic loss, humiliation, embarrassment, indignity, mental and emotional distress, and the deprivation of his rights to equal employment opportunity.

28. Through the actions of Defendant's employees, agents, and/or representatives described above, Defendant acted intentionally, maliciously, oppressively, and with willful, callous, wanton, and reckless disregard for Plaintiff's rights, without Plaintiff in anyway contributing thereto.

**COUNT ONE**
**(VIOLATION OF TITLE VII – DISPARATE TREATMENT ON THE BASIS OF RACE)**

29. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 28 above, as if fully set forth herein.

30. Title VII prohibits discrimination in employment on the basis of race.

31. Ms. Shorter is a member of two (2) protected classes (Hispanic and Female) American); he has been subjected to differential treatment, different terms and conditions of

employment and terminated, based on her race and gender.

32. As a government agency, the AOC must comply with Title VII.

33. Employees who were not of Hispanic or female were treated more favorably by being given the benefit of the doubt in the disciplinary process whereas Ms. Shorter was not.

34. Ms. Shorter was disciplined more severely than employees who were not of Hispanic descent, even though these employees/comparators engaged in similar acts that warranted disciplinary action without such discipline being imposed.

35. Ms. Shorter, if she was disciplined, should have been disciplined pursuant to the AOC's progressive discipline policy, but she was not. Instead she was disciplined in a discriminatory and arbitrary manner.

36. The foregoing actions by Defendant constitute discrimination against the Plaintiff because of her race and gender, and infringe on her exercise and enjoyment of his rights to be free from unlawful and discriminatory employment practices, in violation of Title VII.

37. As a result of Defendant's conduct alleged in this Complaint, Plaintiff has suffered and continues to suffer harm, including but not limited to: humiliation, pain and suffering, emotional distress, medical costs and treatment, termination of employment, lost earnings, lost employment benefits, and other financial losses.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Bertha Shorter, respectfully prays that this Honorable Court grant her the following relief:

a.) Enter a declaratory judgment finding that the foregoing actions of Defendant violated Title VII.

b.) Enter a permanent injunction directing Defendant to take all affirmative steps

necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c.) Order the Defendant to reinstate Plaintiff her position that she faithfully held;

d.) Order the Defendant institute a policy and procedure to be implemented against discrimination;

e.) Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

f.) Order supervisory training for the supervisors at issue herein;

g.) Award compensatory damages in excess of Two Hundred Thousand Dollars ($200,000.00), which would fully compensate Plaintiff for the economic loss, physical and psychological injury, humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

h.) Award medical costs and expenses incurred as a result of Defendant's unlawful conduct;

i.) Award lost wages;

j.) Award back pay and benefits, with interest; k.) Award future wages;

l.) Award reasonable attorney fees, costs, and expenses incurred for this action; m.) Award equitable, declaratory, and injunctive relief; and

n.) Award Plaintiff reasonable attorneys' fees and costs incurred in this action; and

o.) Order such other relief as this Honorable Court deems just and proper.

**Equitable Relief**

p.) Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

q.) Plaintiff requests all equitable relief which can be afforded him under the law because the continued employment of the supervisors responsible for the actions alleged herein, without training in equal employment opportunity law, rules and regulations, represents a clear and present danger to the employees of Defendant which could result in further illegal actions on the party of Defendant, by and through its agents, servants, and employees.

**JURY DEMAND**

Plaintiff demands a trial by jury of all issues in this case so triable.

Dated: September 12, 2018

Respectfully submitted,

*/s/ Donna Williams Rucker*
Donna Williams Rucker, Esq.
Deputy Managing Partner
Labor & Employment Law Practice Group

TULLY RINCKEY PLLC
815 Connecticut Avenue N.W., Suite 720
Washington, DC 20006
Phone: (202) 787-1900
Fax: (202) 640-2059
DRucker@fedattorney.com
**ATTORNEY FOR PLAINTIFF**